IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ERICA GLASKER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 17-00121-N |
| | ) | |
| SMALL WONDERS | ) | |
|     Defendant. | ) | |

## ORDER

On December 6, 2017, the undersigned held a hearing on Defendant Small Wonders' ("Defendant") Motion to Compel and Amended Motion to Compel (Docs. 34, 39).[1] *Pro se* Plaintiff Erica Glasker was present on her own behalf, and attorney Nathan Friedlander was present on behalf of Defendant. For the reasons discussed on the record, and detailed below, the Amended Motion to Compel (Doc. 39) is **GRANTED IN PART** and **DENIED IN PART.**

### I. Background

On October 31, 2017, Defendant filed its first Motion to Compel (Doc. 34), detailing Plaintiff's failure to respond to its discovery requests, and requesting that the Court compel Plaintiff to respond to Defendant's interrogatories, requests for production, and to file Rule 26 disclosures. Upon receipt of Plaintiff's motion for extension of time, the Court permitted an extension of time in which to comply with her discovery obligations, and set a deadline of November 17, 2017. (Doc. 36).

---

[1] The Amended Motion to Compel (Doc. 39) superseded the Motion to Compel (Doc. 34). Thus, the Motion to Compel (Doc. 34) is no longer "pending" before this Court and the Clerk is directed to terminate the motion via CM/ECF.

On November 17, 2017, Plaintiff filed a document styled as "Notice of Filing Rule 26 Disclosures." (Doc. 37). On November 30, 2017, Defendant filed an Amended Motion to Compel, which detailed its position that the disclosures filed by Plaintiff failed to comply with Rule 26 and that Plaintiff has wholly failed to respond to Defendant's request for production. (Doc. 39). Thereafter, the undersigned set this matter for hearing. (Doc. 40).

## II. Summary of December 6, 2017 Hearing

At the hearing, the undersigned discussed Plaintiff's discovery obligations with the parties, and heard the parties' positions with regard to which obligations remained unfulfilled. Upon consideration, the Amended Motion to Compel (Doc. 39) is **GRANTED IN PART** and **DENIED IN PART** as detailed below.

### A. Requests for Production

For clarity, the undersigned has listed each request for production contained in Doc. 33, and summarized the discussion at the hearing with regard to each request below.

> 1. Produce a true and correct copy of all payroll records of any earnings, employment, job held by you from November 21, 2016 to present.
>
> Plaintiff indicates she has no payroll records, other than paystubs. Plaintiff shall provide copies of any relevant paystubs to Defendant on or before **Friday, December 15, 2017**.
>
> 2. Do you receive any other form of government assistance, such as housing assistance payments, food stamps, child care subsidies, or other assistance, whether or not of a type enumerated? If so, produce a true and correct copy of any records of such assistance payments, applications by you for the same, or any related documents, from October 21, 2016 to present.
>
> Plaintiff is directed to answer this question, and provide the requested records to Defendant on or before **Friday, December 15, 2017**.

2

3. Produce a true and correct copy of any records of your employment with Small Wonders Daycare, including but not limited to:

   A. Payroll records;

   B. Certifications;

   C. Employment evaluations;

   D. Records of communications between you, or anyone acting on your behalf, and Small Wonders or any of its employees;

   E. Copies of any text messages or emails pertaining to said employment or communications by you or anyone acting on your behalf and other employees of Small Wonders;

   F. Any records from your personnel file at Small Wonders.

   Plaintiff stated she does not have any payroll records (other than paystubs), employment evaluations, or records from her personnel file (Items A, C, and F) in her possession. At the hearing, she tendered a computer disk containing audio recordings of conversations between Small Wonders employees and herself. (Item D). She stated that she has no emails but that she would provide copies of text messages between herself and several co-workers (Ashley and Miranda) (Item E) and copies of any certifications (Item B) to Defendant on or before **Friday, December 15, 2017**.

4. Produce a true and correct copy of any records of proceedings between either the Alabama Unemployment Compensation Board or the Equal Employment Opportunity Commission which pertain to complaints by you against Small Wonders or claims for compensation made by you for Small Wonders.

   Plaintiff stated that she did not have records from the Alabama Unemployment Compensation Board and would e-mail defense counsel a copy of any related transcripts from Equal Employment Opportunity Commission proceedings that are in her possession on or before **Friday, December 15, 2017**.

5. Produce a true and correct copy of any records maintained by you of any of the events of your employment or termination at Small Wonders, including

but not limited to diaries, calendars, personal notes, memoranda you maintain, text messages or emails sent to you or you have sent to others.

> Plaintiff stated that she does not have any materials responsive to this request. If Plaintiff determines she does have responsive materials, she shall provide them to Defendant on or before **Friday, December 15, 2017**.

6. Produce a true and correct copy of any documents not previously produced which you contend in any way support your contention that Small Wonders violated any legal right towards you or committed any act of discrimination against you for which you seek redress in the subject lawsuit.

> Plaintiff stated that she does not have any materials responsive to this request. If Plaintiff determines she does have responsive materials, she shall provide them to Defendant on or before **Friday, December 15, 2017**.

7. Produce any document not previously produced which supports any claim for damages you contend you have by Small Wonders.

> Plaintiff shall respond to this request on or before **Friday, December 15, 2017**.

8. Produce any audio recordings or video recordings of any conversations or events which you have pertaining to your employment at Small Wonders or which you contend supports any legal claim you may have against Small Wonders.

> At the hearing, she tendered a computer disk containing audio recordings of conversations between her and Small Wonders employees. She stated that she has no video recordings and has made no other audio recordings. If Plaintiff determines she has responsive materials, she shall provide them to Defendant on or before **Friday, December 15, 2017**.

9. Produce a true and correct copy of your cell phone bills for the period of May 9, 2016 through January 21, 2017.

> The undersigned finds that this request is overbroad, may implicate Plaintiff's privacy interests in the contents and usage of her cellular phone, and inappropriate without a specific showing pertaining to the propriety and scope of the request. Thus, this request is **DENIED** without prejudice. Plaintiff is **not required** to provide copies of her cellular phone bills to Defendant at this time. *See generally Riley v. California*, 134 S. Ct.

4

2473 (2014) (discussing contents of cellular phones and privacy implications in the criminal context). The undersigned acknowledges that Defendant has not requested the contents of Plaintiff's cellular phone. However, at the hearing, Defendant expressed interest in determining what phone numbers were listed in Plaintiff's billing records in order to determine who she may have been communicating with between May 9, 2016 and January 21, 2017.

### B. Rule 26 Disclosures

Though Plaintiff filed a document entitled "Notice of Filing Rule 26 Disclosures," as detailed in the Amended Motion to Compel, this document does not provide the information described in Fed. R. Civ. P. 26. Accordingly, on or before **Friday, December 15, 2017** Plaintiff shall file provide Defendant with the following:

> **(i)** the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> **(ii)** a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> **(iii)** a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> **(iv)** for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed.R.Civ.P. 26(a)(1)(A)(i)-(iv).

5

### C. Interrogatories

Defendant's Amended Motion to Compel did not specify whether Plaintiff had responded to its interrogatories. If Plaintiff has not responded, she shall do so on or before **Friday, December 15, 2017.**

### D. Status Report

On or before **Monday, December 18, 2017**, Defendant shall file a status report pertaining to Plaintiff's compliance with her discovery obligations. Defendant shall also indicate whether it is seeking sanctions.

## III. Modification of Scheduling Order

Having found good cause for the reasons stated on the record, and upon consent of the parties, the undersigned modifies the following deadlines as previously set in the Scheduling Order (Doc. 28) as follows:

Discovery Completion: **January 15, 2018**

Position Regarding Settlement: **January 22, 2018**

Dispositive Motion Deadline: **February 16, 2018**

All other deadlines and provisions in the Scheduling Order (Doc. 28) are unmodified by this Order and remain in full force. The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff via Regular and Certified Mail.

**DONE** and **ORDERED** this the **11th** day of **December 2017**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**