IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ERICA GLASKER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 17-00121-N |
| | ) | |
| SMALL WONDERS | ) | |
|     Defendant. | ) | |

## ORDER

This matter is before the Court on Defendant Small Wonders' ("Defendant") Motion for Sanctions filed pursuant to Federal Rule of Civil Procedure 37. (Doc. 62). Defendant moves the Court to impose sanctions on *pro se* Plaintiff Erica Glasker ("Plaintiff") for her failure to comply with certain discovery obligations and prior Orders. (Id.). Defendant details Plaintiff's failures and requests that the Court dismiss Plaintiff's action or order any other appropriate sanction, including barring Plaintiff from offering certain categories of damages. As the Court recently granted Defendant's motion for summary judgment, the first portion of Defendant's requested relief is **MOOT**.

However, Defendant also requests that the court award sanctions including $1,700 in attorney's fees associated with its motion to compel and efforts to obtain discovery, based upon Plaintiff's failure to produce relevant documents and her delay in responding to discovery requests. (Doc. 64). Rule 37(d) of the Federal Rules of Civil Procedure requires the court to order a party who fails to appear for a properly noticed deposition and/or to respond to interrogatories "to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure

1

was substantially justified or that other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(d); see *Maddow v. Proctor & Gamble,* 107 F.3d 846, 853 (11th Cir. 1997).

Plaintiff is representing herself in this employment discrimination action. In response to Defendant's motions to compel and Plaintiff's responses, the undersigned held several status hearings pertaining to Plaintiff's discovery participation. Plaintiff was respectful and cooperative during those hearings, and appeared to be attempting to comply with Defendant's discovery requests but seemed to have trouble understanding what was being asked of her and/or why she was required to comply.

Without considering context, a court could find an award of fees was appropriate in this instance. But Rule 37 requires the Court to determine if such an award would be "unjust"—which necessarily implicates context. Put another way, "Rule 37 is flexible. The court is directed to make such orders as are 'just' and is not limited in any case of disregard of the discovery rules or court orders under them to a stereotyped response." 8B Wright & Miller, Federal Practice & Procedure Civil § 2284 (3d ed.).

In this case, Plaintiff has participated in discovery to some extent and *pro se* litigants such as Plaintiff are generally unfamiliar with discovery procedures. Thus, the undersigned finds that the circumstances of this case make an award under Rule 37(d) unjust. Accordingly, Defendant's motion for sanctions (Doc. 64) is **DENIED.**

**DONE** and **ORDERED** this **16th** day of **April 2018**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

2